

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

9

*Superseded By*
*Art 29- C. . C. S*

Honorable Andrew J. Hickey
County Auditor
Victoria County
Victoria, Texas

Dear Sir:

Opinion No. O-2681
Re: Constitutionality of House Bill No. 721, 45th Legislature of Texas - Announcement of 1940 Census.

Your request for opinion has been received and carefully considered by this department. We quote from your request as follows:

"Under a Special Law affecting Victoria County only, by referring to the last census, the salary of the Superintendent of Public Instruction of this county has been raised by virtue thereof.

"Will such a special law continue to be effective after the new census for 1940 have been announced? The population census of this county having past beyond the figures set out in the special law referred to."

The population of Victoria County, Texas, according to the 1930 Federal Census, was 20,048 inhabitants.

House Bill 721 of the 45th Legislature of Texas, is undoubtedly the special law referred to in your letter. Said bill reads as follows:

"INCREASING TRAVELING EXPENSES OF COUNTY
SUPERINTENDENTS IN CERTAIN COUNTIES.

"H.B. No. 721          Chapter 135.

"An Act providing for the amount that may be allowed by County Boards of Trustees to the County

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Superintendents of Public Instruction for expenditures for office and traveling expenses in certain counties according to the last preceding Federal Census; repealing all laws and parts of laws, General or Special, in conflict therewith, and declaring an emergency.

"BE IT ENACTED BY THE LEGISLATURE OF THE STATE OF TEXAS:

"Section 1. In counties having a population of not less than twenty-seven thousand, four hundred and forty-one (27,441) and not more than twenty-seven thousand, four hundred and fifty (27,450), and in counties having a population of not less than twenty thousand and forty-eight (20,048) and not more than twenty thousand and fifty-five (20,055), and in counties having a population of not less than twenty-five thousand, three hundred and ninety-four (25,394) and not more than twenty-five thousand, four hundred (25,400), and in counties having a population of not less than ten thousand, nine hundred seventy-five (10,975) and not more than ten thousand, nine hundred and eighty-five (10,985), according to the last preceding Federal Census, and the County Boards of Trustees may make such provisions as they deem necessary for office and traveling expenses of the County Superintendent of Public Instruction; providing that the amount of such expenditures for office and traveling expenses shall not exceed the sum of Six Hundred Dollars ($600) per annum. The amount allowed shall be paid in the manner and in accordance with now existing laws governing the maintenance of the office of the County Superintendent.

"Sec. 2. All laws and parts of laws, General and Special, in conflict with this Act are hereby repealed.

"Sec. 3. The great diversity of conditions existing in counties with a population of not less than twenty-seven thousand four hundred and forty-one (27,441), and not more than twenty-seven thousand,

Honorable Andrew J. Hickey, Page 3

four hundred and fifty (27,450), and in counties
with a population of not less than twenty thou-
sand and fortyeight (20,048) and not more than
twenty thousand and fifty-five (20,055), and in
counties having a population of not less than
twenty-five thousand, three hundred and ninety-four
(25,394) and not more than twenty-five thousand,
four hundred (25,400), according to the last pre-
ceding Federal Census, and the large amount of
traveling and the expense of such to the County
Superintendent in spending most of his time in
supervision of schools in such counties, many of
which are a great distance from the office of the
County Superintendent, and the many added duties
creating extra expenses of the office, and due
to the financial conditions of the different county
General Funds, counties have not been able to pur-
chase supplies for the office, and the further fact
that the sum of Three Hundred Dollars ($300) per
year, now allowed by General Law to Superintendents
of such counties, is wholly inadequate to meet the
expense of the County Superintendent incident to
the work and traveling required, and thereby caus-
ing a great financial burden to be sustained by
said County Superitenddents, and in many instances
materially reducing the efficiency of the office,
constitute an emergency and an imperative public
necessity, and authorize the suspension of the Con-
stitutional Rule, requiring bills to be read on
three several days in each House, and said Rule is
hereby suspended, and this Act shall take effect and
be in force from and after its passage, and it is so
enacted.

"Approved April 9, 1937.
"Effective April 9, 1937."

The population of DeWitt County, Texas, according to
the 1930 Federal Census, was 27,441 inhabitants and was the only
county in Texas, according to the 1930 Federal Census, coming
within the population brackets of not less than 27,441 and not
more than 27,450 inhabitants set out in the bill.

The population of Victoria County, Texas, according

to the 1930 Federal Census, was 20,048 inhabitants and was the only county in Texas, according to the 1930 Federal Census, coming within the population brackets of not less than 20,048, and not more than 20,055 inhabitants set out in the bill.

The population of Washington County, Texas, according to the 1930 Federal Census, was 25,394 inhabitants, and was the only county in Texas, according to the 1930 Federal Census, coming within the population brackets of not less than 25,394 and not more than 25,400 inhabitants set out in the bill.

The population of Jackson County, Texas, according to the 1930 Federal Census, was 10,980 inhabitants, and was the only county in Texas, according to the 1930 Federal Census, coming within the population brackets of not less than 10,975 and not more than 10,985 inhabitants set out in the bill.

This department has held many acts similar to House Bill 721, supra, to be unconstitutional and void. We enclose herewith a copy of Opinion No. 0-1004 of this department which holds House Bill 474 of the 46th Legislature, to be unconstitutional and void as a local or special law attempting to regulate the affairs of counties.

Under the authorities cited in our Opinion No. 0-1004, we hold House Bill 721 of the 45th Legislature of Texas, to be a local or special law attempting to regulate the affairs of counties and school districts in violation of Article 3, Section 56 of our State Constitution, and therefore unconstitutional.

Since said act is unconstitutional and void it never applied to Victoria County nor to DeWitt, Washington, Jackson nor any other county in this State.

Victoria County, Texas, according to the 1940 Federal Census, as shown by a published report of same in the Dallas News dated August 11, 1940, as released by John L. Lewis, U.S. Census Supervisor, has a population of 23,642 inhabitants.

The population of DeWitt County, Texas according to the 1940 Federal Census, referred to above, is 24,972 inhabitants.

Honorable Andrew J. Hickey, Page 5

tants.

The population of Washington County, Texas, according to the 1940 Federal Census, referred to above, is 25,373 inhabitants.

The population of Jackson County, Texas, according to the 1940 Federal Census referred to above, is 11,710 inhabitants.

Even if H. B. 721, supra, were constitutional, (which it is not) its provisions would not now apply to Victoria, DeWitt, Washington nor Jackson Counties, Texas.

We enclose herewith a copy of Opinion No. 0-2337 of this department which contains a comprehensive discussion as to when the 1940 Federal Census becomes controlling under our statutes involving population.

Trusting that this satisfactorily answers your inquiry, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Wm. J. Fanning
Assistant

WJF:AW

ENCLOSURES

APPROVED SEP 9, 1940

ATTORNEY GENERAL OF TEXAS